WILLIAM MINOT & another, Executors *vs.* THE BOSTON ASY LUM AND FARM SCHOOL FOR INDIGENT BOYS, & others.

A testator gave a legacy to " the Boys' Asylum and Farm School," there being no insti tution or association of any similar name, except a body incorporated by the name of " the Boston Asylum and Farm School for Indigent Boys." *Held,* that this cor poration was entitled to the legacy.

BILL IN EQUITY. The plaintiffs alleged that they were exec utors of the last will of Jacob Tidd, late of Roxbury, which was proved and allowed, in July 1843, by the judge of probate for the county of Norfolk : That said Tidd, after making sundry devises and bequests, gave the following directions, in the fourth clause of his said will : " I direct my executors to sell and dispose of all the residue and remainder of all my estate, real and personal, and convert the same into money, as soon as the same can be done conveniently, without sacrifice. And I give one half part of the proceeds of said residue and remainder to the Boys' Asylum and Farm School. The other half part of the proceeds of said residue and remainder I give to the Perkins Institution and Massachusetts Asylum for the Blind : " That there was not, to the knowledge or belief of the plaintiffs, any association or corporation by the name of the "Boys' Asylum and Farm School ;" but that one half of the residue and remainder of said Tidd's estate was claimed by " the Boston Asylum and Farm School for Indigent Boys," a corporation established by law, and located in the county of Suffolk : That the plaintiffs were apprehensive that they could not safely pay said legacy, without the advice and

direction of the court: They therefore prayed that said "Boston Asylum and Farm School for Indigent Boys," together with the heirs at law of said Tidd, (who were all named in the bill,) might be summoned, &c. ; and that the court would pass such order and decree, as to justice and equity should appertain.

After service of a subpœna on all the parties named as defendants, the Boston Asylum and Farm School for Indigent Boys filed an answer, claiming said legacy as intended by the testator for that corporation. The guardian of several of the minor heirs at law also filed an answer, admitting the statements in the bill, and submitting to the judgment of the court. The other defendants did not appear, and a decree was passed that the matters alleged in the bill should be taken to be confessed by them.

*J. Benjamin & W. Minot, Jr.,* in behalf of the plaintiffs and the Asylum and Farm School, referred to 1 Roper on Leg. (1st Amer. ed.) *c.* 2, § 17, and cases there cited. 10 Co. 57 b. Hob. 32. 3 Leon. 18, pl. 44. *Foster* v. *Walter,* Cro. Eliz. 106. *First Parish in Sutton* v. *Cole,* 3 Pick. 232. *Attorney General* v. *Mayor, &c. of Rye,* 1 Moore, 267, and 7 Taunt. 546.

No counsel appeared for any of the heirs at law.

SHAW, C. J. This is a suit in equity, in the nature of a bill of interpleader, by the executors of Jacob Tidd, against the Boston Asylum and Farm School for Indigent Boys, on the one hand, and the heirs of said Tidd, on the other. The bill alleges that said Tidd gave a legacy by his will, in such terms that the same is claimed by the said asylum, a corporation established by law ; and it calls upon such heirs to come in and contest the claim of said corporation, if they think fit. The bill has been ordered to be taken *pro confesso,* as against such of the heirs of Tidd as have not answered ; no appearance having been entered for them. But a letter is filed, purporting to be written by George T. Davis, one of the defendants, in right of his wife, and acting in behalf of some other of the heirs, intimating that he had examined the bill, and that, as far as he acted for himself, and understood from others, it was not their intention to answer or appear.

VOL. VII.

The question therefore is, whether, taking the facts to be true, as stated in the plaintiffs' bill, they are warranted in paying over the legacy to the other defendants.

The legal name of the defendant corporation, as established by *St.* 1835, *c.* 28, is "The Boston Asylum and Farm School for Indigent Boys." The legacy claimed by them is given by the testator " to the Boys' Asylum and Farm School." Here is a slight variance in the corporate name, and the question is, whether, on account of this difference, the corporation claiming can take this legacy. Upon the facts stated, we are of opinion that the defendant corporation was clearly designated and iden tified by this description, and was intended by the testator, and that it is entitled to take.

The general rule is, that where either a corporation or a nat ural person is so identified by the name and description in the will, as applied to the facts and circumstances, as to distinguish such person or corporation from all others, such person or cor poration shall take the bequest, in the same manner as if no such discrepancy had appeared. *Falsa demonstratio non nocet.* The rules upon this subject, and their application, are so fully considered in the late case of *Tucker* v. *Seaman's Aid Society,* (*ante,* 188,) that I do not think it would be useful to consider them at large, or review the decisions on which they rest. One remark, however, occasioned by the obvious difference between the facts of that case and the present, may be proper. It is this. Where the name and description in a legacy, when applied to the facts, lead to a reasonable belief that they apply to some one person, and there is no other person to whom they can with any probability apply, then much slighter evidence will be sufficient to prove that that person was intended by the des ignation. But with the same proof in favor of one, if there is similar or even stronger proof identifying another, then the claim of the former, though, if it stood alone, it would be *primâ facie* evidence sufficient to sustain his claim, is controlled by the claims of another, who is more precisely identified. For instance; if a legacy were to be made " to James Tidd of Boston, mer chant, son of my brother, James Tidd," and there should be no

nephew of that name, but there should be one bearing the name of John, and in all other respects corresponding with the descrip tion, such nephew, in the absence of any competitor corre- sponding with the exact description, would be sufficiently identi- fied, and would take the legacy. But if there were a nephew James, son of the testator's brother James, corresponding in all respects with the description, the latter would take in prefer- ence, as the person precisely designated. And in such case, it would not be competent to prove, by evidence *aliunde,* that John was the person intended, and the true object of the testa- tor's bounty ; because that would be to establish a will by parol evidence, which is required by statute to be in writing. So in the case of the Seaman's Aid Society ; had there not been a corporation of the name of the Seamen's Aid Society, nor any other institution of a similar name or description, the Sea- man's Friend Society would have been sufficiently identified and designated, to enable them to take the bequest. It is therefore, in such case, a question of comparison, depending upon the conclusiveness of the proofs, respectively relied upon, to deter- mine which of one or more is designated by the name and description used in making the bequest.

It does not appear, and cannot be assumed without some proof, that there is, or at the time of executing the will there was, any other institution, besides the defendant corporation, bearing a name or description similar to that of the Asylum and Farm School. There were heretofore two corporations, bearing names somewhat similar ; and it appears by the act of incorpo- ration, (*St.* 1835, *c.* 28,) that the defendant corporation was formed by consolidating two existing corporations ; the one entitled " the Boston Asylum for Indigent Boys," incorporated by *St.* 1813, *c.* 153, and the other " the Proprietors of the Bos- ton Farm School," incorporated by *St.* 1833, *c.* 135. But this act passed before this will was made ; and, by the act itself, both those other corporations, as separate institutions, were extin- guished. The defendant corporation, therefore, is the only one bearing any similar designation ; and if they cannot take, the bequest must be deemed void for uncertainty. But, for the

reasons given, we have no doubt that, in the absence of any competitor, they are well designated, and are entitled to take the legacy.